UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-21891-GAYLES/GOODMAN

JOSÉ YEYILLE,

    Plaintiff,

v.

GREENBERG & TRAURIG, P.A., in its *individual capacity* and in its *official capacity, jointly and severally liable*; JOHN K. LONDOT, ESQ., in his *individual capacity* and in his *official capacity, jointly and severally liable*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon GT Defendants' Motion to Dismiss with Prejudice and Request for Judicial Notice (the "Motion"). [ECF No. 24]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND

On April 25, 2024, Plaintiff José Yeyille ("Plaintiff") filed this action against Defendants Greenberg Traurig, P.A. ("GT") and John K. Londot ("Londot") (collectively the "GT Defendants") alleging they violated his First, Fifth, Sixth, and Fourteenth Amendment rights. Though it is difficult to parse through Plaintiff's 169-page Complaint, Plaintiff's claims appear to stem from a lawsuit he filed, *pro se*, against a physician in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("State Court"). The State Court dismissed the lawsuit, and Plaintiff appealed to the Florida's Third District Court of Appeal (the "Third DCA"). The Third DCA per

curiam affirmed the dismissal. Plaintiff then filed pleadings with the Third DCA disparaging the appellate and circuit judges.[1] The Third DCA issued an order barring Plaintiff from *pro se* filings and, because Plaintiff was a licensed attorney in Florida, referred him to The Florida Bar (the "Bar") for disciplinary proceedings.

After the Bar initiated disciplinary proceeding against him, Plaintiff filed a complaint against the Bar in State Court. The GT Defendants served as counsel for the Bar.[2] Plaintiff also filed an action against the GT Defendants in State Court alleging multiple violations of his civil rights (the "Greenberg State Action"). On June 4, 2024, the State Court issued an order dismissing the Greenberg State Action with prejudice and declaring Plaintiff a vexatious litigant. [ECF No. 24-4].[3]

Plaintiff's Complaint in this action tracks much of the language from his Complaint in the Greenberg State Action. In both complaints, Plaintiff (1) challenges the Third DCA's dismissal of his appeal in his action against the physician; (2) argues the use of per curiam affirmances deliberately discriminates against indigent pro se Black and Hispanic parties; (3) contends that the GT Defendants somehow buy judges and justices; and (4) claims that the GT Defendants are alter egos of the Florida Supreme Court and violated his civil rights by disciplining him after he raised grievances against the Florida judiciary. The primary difference between the complaints is the 100

---

[1] *See Yeyille v. Speigel*, Case Nos. 3D22-624 and 3D22-625, 2023 WL 3220858, *2 (Fla. 3d DCA May 3, 2023) (detailing Plaintiff's offensive remarks, including calling the appellate judges "the dumbest twats to ever adorn a bench" and "dumb scumbags.")
[2] On April 2, 2024, the State Court dismissed Plaintiff's action against the Bar with prejudice. [ECF No. 24-2].
[3] In ruling on the Motion, this Court takes judicial notice of the proceedings in the Greenberg State Action, including Plaintiff's Complaint in that action, as accessed on the Miami Dade Clerk of Court's Civil, Family, and Probate Courts Online System. *See Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. 2010) (recognizing that a court may properly take judicial notice of and consider court documents and filings which are public records when ruling on a motion to dismiss, where they are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.").

extra pages of offensive, antisemitic vitriol—unrelated to any legitimate cause or claim—in Plaintiff's Complaint in this action.

The GT Defendants have moved to dismiss, arguing (1) they are immune from suit; (2) this Court lacks jurisdiction to review actions taken by the Bar regarding attorney discipline; (3) the Complaint fails to state a cause of action; (4) the Complaint is barred by *res judicata*; and (5) the Complaint is barred by collateral estoppel. [ECF No. 24].

## STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## DISCUSSION

### A.   Shotgun Pleading

As an initial matter, the Court finds that the Complaint is a shotgun pleading. The Eleventh Circuit generally considers a complaint to be a shotgun pleading if, among other pleading deficiencies, it commits "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Plaintiff's Complaint, filled with quotations from *Mein Kampf* and other antisemitic publications, photos of politicians and judges, and rambling allegations without any clear connection to his claims, is not a "short and plain statement" as required by Federal Rule of Civil Procedure 8 and, for this reason alone, is subject to dismissal.[4]

### B.   Res Judicata

Plaintiff's Complaint faces a bigger problem, however, than shoddy pleading. Plaintiff's claims are barred by *res judicata*. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Both doctrines are designed to protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018) (per curiam) (alterations in original) (internal

---

[4] This is not the first time Plaintiff has filed a shotgun pleading in the Southern District of Florida. *See Yeyille v. Miami Dade County Public Schools*, No. 14-24624, 2015 WL 11233428, at *4 (S.D. Fla. Jun. 15, 2015) (dismissing complaint as a shotgun pleading where, among other issues, "[t]he 403 paragraphs in the Third Amended Complaint . . . [were] repetitive, rambling, unnecessarily detailed, and at times wholly irrelevant.") *aff'd* 643 F. App'x 882, 885 (11th Cir. 2016) (affirming district court's dismissal of complaint that "[r]ather than using short and plain statements as required by the Federal Rules, [] included an 85-paragraph fact section spanning 31 pages, much of it written in narrative, diary-like form [and included] facts [that] were not obviously related to any of Yeyille's claims . . . .")

quotation marks omitted). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor*, 553 U.S. at 892 (internal quotation marks omitted). "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (internal quotation marks omitted).

"To invoke res judicata . . . a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020). "[R]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.*

Albeit under various legal theories, Plaintiff now raises the same claims against the same parties—each relating to the GT Defendants' representation of the Bar, purported roles as state actors, and alleged violations of his civil rights—that he raised in the Greenberg State Action. These are essentially the same claims the State Court dismissed with prejudice. *See Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980) (holding that "a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata."). Indeed, this action is exactly the type of vexatious litigation the doctrine of *res judicata* is designed to prevent. Accordingly, Plaintiff's claims are barred by res judicata and his Complaint shall be dismissed with prejudice.[5]

---

[5] This finding of *res judicata* effectively addresses many of the GT Defendants' other argued grounds for dismissal, also addressed in the State Court proceeding, including that (1) the GT Defendants, as agents of the Florida Bar, are immune from suit, *see Zavadil v. The Florida Bar*, 197 So. 3d 596-97 (Fla. 4th DCA 2016) (holding that "the Bar has absolute immunity for actions taken within the scope of its authority as an arm of the Florida Supreme Court in the

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The GT Defendants' Motion to Dismiss with Prejudice and Request for Judicial Notice, [ECF No. 24], is **GRANTED**.

2. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED with prejudice**.

3. This action is **CLOSED**, and all pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

matters of regulation of attorneys[]") and (2) the Court does not have jurisdiction to review actions taken by the Florida bar, *see Cole v. Owens*, 766 So. 2d 287, 288 (Fla. 4th DCA 2000) (holding that "[t]he Florida Supreme Court has exclusive subject matter jurisdiction to review bar grievance proceedings.").